**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**FERNANDO F. GUTIERREZ,**

    Plaintiff,

vs.                                                         Civ. No. 01-847 BB/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

    **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision filed March 11, 2002. (Docket No. 8). The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is not well taken.

**PROPOSED FINDINGS**

**I. PROCEDURAL RECORD**

    1.    Plaintiff Fernando F. Gutierrez filed an application for benefits on March 5, 1997 alleging a disability since August 1, 1992, due to back problems. Tr. 45-47. The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on August 3, 1998. At the hearing, the Plaintiff

1

was represented by a non-attorney representative. On October 30, 1998, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R.§ 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The claimant has not engaged in post-onset substantial gainful activity; the claimant has had a "severe" impairment or combination of impairments: scoliosis and old compression fractures of the thoracic and lumbar spine; the severity of the claimant's's impairments do not meet or equal a listed impairment; the claimant's statements concerning his impairments and their impact on his ability to work are not entirely credible in light of the degree of medical treatment required and discrepancies between the claimant's assertions and information contained in the documentary reports; the claimant lacks the residual functional capacity to lift and carry more than 20 pounds or more than ten pounds on a regular basis; the claimant cannot perform his past relevant work; the claimant has no significant non-exertional limitations which narrow the range of work he is capable of performing; and based on an exertional capacity for light work, and the claimant's age, educational background and work experience, the grids direct a conclusion of "non disabled." Tr. 11-19.

2. On the date of the ALJ's decision Plaintiff was 54 years old, an individual "closely approaching advanced age." Tr. 18. Plaintiff has a high school education and is literate in the English language. Id.

3. The ALJ entered his decision on October 30, 1998. Thereafter, the Plaintiff filed a request for review. Tr. 8. On July 25, 2001, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on July 23, 2001.

## II. STANDARD OF REVIEW

4. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5. In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. Sec.423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

6. At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering

3

his residual functional capacity, age, education, and prior work experience. Id.

## III. DISCUSSION

7.      Plaintiff asserts that the ALJ did not weigh the evidence properly and his residual functional capacity (RFC) finding is not supported by substantial evidence.

8.      There is substantial evidence in the record that Plaintiff has the RFC to perform a full range of light work. Tr. 15. Plaintiff injured his back while in the military in 1966. Tr. 175. He recovered and worked for the county as a heavy equipment operator in 1973. Id. Plaintiff injured his back in a motor vehicle accident in November 1990. Tr. 119. He sought treatment at a chiropractic center in February of 1991. Tr. 169. During 1991, the Plaintiff was also treated by various specialists at the Albuquerque Industrial Medicine Specialists. Tr. 131-169. Upon his initial exam, Dr. Zaenger, found that Plaintiff did not have any muscle spasm and that his range of motion was fairly full. Tr. 169. He has full flexion. The initial x-rays showed some degenerative joint changes in the cervical spinal region and scoliosis and degenerative joint disease in the lumbar region. He was diagnosed with cervical and lumbar strain. Through the year the physical examinations by physicians at Albuquerque Industrial Medicine Specialists showed similar results. Tr. 131-71.

9.      Plaintiff underwent a functional capacity evaluation at the Presbyterian Work Performance Center in July of 1991. Tr. 141, 143-48. The validity criteria showed that the test results were valid. Tr. 144. Plaintiff was found to be capable of standing and walking a total of six hours each and sitting for a total of eight hours. Tr. 151.

10.     Plaintiff was released to work as a road grader on August 12, 1991. Tr. 141, 142. In December of 1991, Dr. Diskant opined that Plaintiff could continue working but not as an operator of a road grader. Tr. 132.

11. The ALJ correctly noted that the Plaintiff did not seek treatment after 1992 until 1995. At that time he sought treatment only on one occasion. Further, the ALJ noted, Plaintiff controlled his back pain with over the counter medications. Plaintiff alleges that he cannot afford to go to the doctor or to pay for prescription medications. Tr. 99, 104. However, the record shows that he is covered on his wife's health insurance policy. Tr. 175, 180.

12. In 1995, the objective clinical findings revealed that he had kyphoscoliosis (spine curvature) to the right. The x-rays demonstrated degenerative lumbar scoliosis. Tr. 171. The orthopedic surgeon suggested some anti-inflammatories, light exercise and follow up on an as-needed basis. Tr. 171.

13. Plaintiff's primary argument is that the ALJ erred in not relying on Dr. Frank Jones' assessment of the Plaintiff's RFC. Dr. Jones was the examining physician at the May 5, 1998 consultative evaluation. Plaintiff's argument fails because Dr. Jones is not a treating physician and thus the ALJ is not required to give his opinion substantial weight. Goatcher v. U.S Dep't. of Health & Human Servs., 52 F.3d 288, 289-90 (10th Cir. 1995). Though not required, the ALJ specifically explained his reasons for not accepting the opinion of Dr. Jones. Specifically his stated that the opinion is "are not totally supported by the medical evidence which shows largely unremarkable findings in terms of loss of sensation, pain on movement, reflex loss and reduced range of motion." Tr. 15. The ALJ resolved, as he is required to do, any inconsistencies in the record. Richardson v. Perales, 402 U.S. 389, 399 (1971); Casias v. Secretary of Health and Human Services, 933 F.2d 799, 801 (10th Cir. 1991).

14. Plaintiff also argues that the ALJ's reliance on Dr. Gwen Y. Sun is misplaced. Dr. Sun examined the claimant on April 24, 1997 on a consultative basis. Dr. Sun found that Plaintiff could

lift and carry up to 20 pounds, stand/walk two hours at a time and six hours total and sit one-two hours at a time and six-eight hours total. Tr. 182-183. Plaintiff argues that because Dr. Sun found that Plaintiff could not sit, stand or walk for eight hours, this opinion is not evidence in support of the ALJ's decision. Plaintiff relied on Social Security Ruling 83-12 and case law which addresses, *inter alia*, the issue when a person must alternate periods of sitting and standing. This rule pertains to an individual who" may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting." SSR 83-12. Similarly, as noted by the Tenth Circuit, the issue arises when an individual "cannot sit or stand for long periods." Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987). Thus, as contemplated by the rule, the individual cannot sit or stand for a "prolonged" period of time. This is not the case in this matter. The Plaintiff can sit one-two hours at a time up to six-eight hours. Further, the Plaintiff can stand or walk for two hours at a time and for a total of six hours. The rule applies when there are "unusual" limitations which require an individual to alternate sitting and standing. SSR 83-12. The record does not establish that Plaintiff's impairments require him to alternate sitting and standing. Thus, Social Security Ruling 83-12 does not apply.

15. Finally, Plaintiff asserts that a nurse rather than Dr. Sun performed the consultative evaluation and prepared the report. Memorandum, p. 6. This assertion appears to be based upon surmise and conjecture and without any basis in the record. The report states that "[t]his transcription was made from a recording of the voice of Gwen Y. Sun, M.D." Tr. 181. In addition, Dr. Sun signed the report.

## **RECOMMENDED DISPOSITION**

I recommend finding that the ALJ did apply the correct legal standards and his decision is

supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed, should be DENIED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**